UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTINA PUENTE, | ) |
| | ) |
| Plaintiff, | ) Case: 1:25-cv-00943 |
| | ) |
| v. | ) |
| | ) |
| CITY OF CHICAGO, | ) |
| | ) |
| | ) Jury Trial Demanded |
| And | ) |
| | |
| FAVORITE HEALTHCARE STAFFING, LLC, | |
| | |
| Defendant. | |

## COMPLAINT

Plaintiff, Christina Puente ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against City of Chicago and Favorite Healthcare staffing, LLC (collectively referred to as "Defendants"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*, ("Title VII") seeking redress for Defendants subjecting Plaintiff to sexual harassment, Defendants discrimination on the basis of Plaintiff's sex, and Defendants retaliation against Plaintiff for engaging in protected activity under the Title VII.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3.  Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendants operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4.  All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

5.  A charge of employment discrimination on basis of sex, sexual harassment, and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR"). (Attached hereto as Exhibit "A" and "B").

6.  Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "C" and "D"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7.  At all times material to the allegations of this Complaint, Plaintiff, Christina Puente resides in Amarillo, Texas.

8.  At all times material to the allegations in this Complaint, Defendant, Favorite Healthcare Staffing, LLC ("Favorite"), is a limited liability company doing business in this judicial district, with its principal offices located at 9800 Metcalf Avenue #4, Overland Park, Kansas 66212.

9.  At all times material to the allegations in this Complaint, Defendant, City of Chicago ("the City") is a municipal corporation located and doing business in Cook County,

Illinois.

10. Plaintiff was employed by Defendants as an "employee" within the meaning of 42 U.S.C §2000e(f).

11. During the applicable limitations period, Defendants have had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

12. At all relevant times, Favorite and DFSS have continuously been under contract for services rendered in Illinois and have continuously been a joint employer in which each Defendant controlled the terms and conditions of Plaintiff's employment.

## BACKGROUND FACTS

13. Plaintiff was hired by Defendants in security in or around November 2022.

14. Plaintiff's employment arrangement allowed Plaintiff to renew her contract every month to let Defendants know if Plaintiff wanted to continue her employment.

15. In or around February 2023, Plaintiff decided to go home and not renew her contract.

16. However, in or around May 2023, Plaintiff resumed working for Defendants following a promotion as a case manager.

17. Plaintiff was a direct employee of Favorite and worked as a Site Captain for the City as a liaison working with migrant children in Chicago.

18. Plaintiff was required to report to both Defendants effectively making Defendants a joint employer.

19. The Defendants jointly determined the terms and conditions of Plaintiff's employment, including, but not limited to:

- Assigning her job duties and responsibilities;
- Managing her work schedule and approving any modifications to it;
- Determining the pay structure and compensation;
- Implementing disciplinary measures and ultimately terminating her employment.

20. While Plaintiff was working as a case manager, staff reported to her that the shelter manager, Marcello Garza ("Mr. Garza"), was having sexual relations with an asylum seeker, which was a policy violation.

21. In or around July 1, 2023, the accusation was investigated and determined to be true.

22. Plaintiff wrote an incident report and subsequently Mr. Garza was terminated from his employment.

23. Since at least July 2023 through Plaintiff's termination, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has been subjected to a hostile work environment on the basis of sex, violating Title VII.

24. Plaintiff is female and is a member of a protected class because of her sex whom Defendant subjected to different terms and conditions of employment than others not within her protected class.

25. Plaintiff's involvement and engaging in protected activity leading to Mr. Garza's termination upset other site captains.

26. This was because other site captains were friends of Mr. Garza.

27. In or around July 22, 2023, Plaintiff was promoted to Site Captain.

28. Following Plaintiff's promotion, Plaintiff began being retaliated against for engaging in protected activity as described herein.

29. Due to Plaintiff's involvement with Mr. Garza's termination, other site captains isolated Plaintiff by failing or refusing to train her on procedures at their sites, leaving her out of

4

meetings, and they refused Plaintiff help when she requested same.

30. Instead, other site captains remarked that Plaintiff had "slept her way to the top."

31. This comment was not only inappropriate but also underscores the targeted retaliation the Plaintiff faced due to her sex.

32. This comment was carried out primarily by two individuals outside of Plaintiff's protected class, Arturo Chavez and Jose Robles, as well as a female site captain, Zaidi Fearon, that followed these two individuals lead.

33. Additionally, Plaintiff was told by a fellow site captain that he would make sure she did not last in her position because she did not deserve it.

34. Following these comments, Plaintiff engaged in protected activity and reported these issues to on-site management, Cherise Riley.

35. On or about August 2, 2023, Plaintiff emailed Human Resources ("HR") about the retaliation form site captains and a lack of adequate communication and training as a result.

36. Following Plaintiff's complaint, Defendants failed to take any remedial measures further subjecting Plaintiff to an isolated hostile work environment.

37. On or about August 23, 2023, Cherise sent a follow-up email to HR regarding the retaliation Plaintiff was experiencing, as well as inappropriate rumors about how Plaintiff got the job.

38. However, Plaintiff never heard anything about an investigation or results, especially since everyone who harassed Plaintiff remained employed.

39. On or about October 26, 2023, Plaintiff was terminated following a complaint from a female shelter manager, Andrea Saenz ("Ms. Saenz"), who reported Plaintiff for being difficult to work with.

40. Ms. Saenz was friends with Arturo Chavez, as he recommended Ms. Saenz for a promotion.

41. Other than Ms. Saenz report, Plaintiff had no prior disciplinary actions or warnings.

42. Plaintiff met or exceed Defendant's performance expectations during the entire duration of her employment.

43. Plaintiff was unlawfully terminated because of her sex, (female) on October 26, 2023.

44. Defendant Favorite claims to have not terminated Plaintiff's employment but following multiple requests from Plaintiff for a new assignment, Plaintiff has still not been placed.

45. Therefore, Defendant Favorite has effectively terminated Plaintiff's employment as well on the basis of her sex.

46. Plaintiff was retaliated against, and her employment was ultimately terminated for opposing unlawful discrimination and for exercising her protected rights.

47. Plaintiff was targeted for termination because of her sex and reporting of illegal activity.

48. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

49. There is a basis for employer liability for the sexual harassment that Plaintiff was subjected to.

50. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to her manager about the harassment.

**COUNT I**
**Violation of Title VII of the Civil Rights Act**

**(Sexual Harassment)**

51. Plaintiff repeats and re-alleges paragraphs 1-50 as if fully stated herein.

52. By virtue of the conduct alleged herein, Defendants engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

53. Defendants knew or should have known of the harassment.

54. The sexual harassment was severe or pervasive.

55. The sexual harassment was offensive subjectively and objectively.

56. The sexual harassment was unwelcomed.

57. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's sex, female.

58. Defendants acted in willful and reckless disregard of Plaintiff's protected rights.

59. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT II**
**Violation of the Title VII of the Civil Rights Act of 1964**
**(Sex-Based Discrimination)**

60. Plaintiff repeats and re-alleges paragraphs 1-50 as if fully stated herein.

61. By virtue of the conduct alleged herein, Defendants intentionally discriminated against Plaintiff based on Plaintiff's sex, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

62. Plaintiff met or exceeded performance expectations.

63. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

64. Defendants terminated Plaintiff's employment on the basis of Plaintiff's sex.

65. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex.

66. Defendants acted in willful and reckless disregard of Plaintiff's protected rights.

67. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of the Civil Rights Act
### (Retaliation)

68. Plaintiff repeats and re-alleges paragraphs 1-50 as if fully stated herein.

69. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

70. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendants about sexual harassment or sex-based discrimination.

71. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendants under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

72. In response to Plaintiff's complaint, Defendants failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sexual harassment or sex-based discrimination.

73. Defendants also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

74. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

75. By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the sexual harassment or sex-based discrimination, thereby violating the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

76. Defendants acted in willful and reckless disregard of Plaintiff's protected rights.

77. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Pre-judgment and post-judgment interest;

    f. Injunctive relief;

    g. Punitive damages;

    h. Reasonable attorney's fees and costs; and

    i. For any other relief this Court may deem just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 28th day of January 2025.

/s/ *Travis P. Lampert*
**TRAVIS P. LAMPERT, ESQ.**
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 581-5456
Fax (630) 575 - 8188
tlampert@sulaimanlaw.com
*Attorney for Plaintiff*