UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTINA PUENTE, | ) |
| | ) |
| Plaintiff, | ) Case: 1:25-cv-00943 |
| | ) |
| v. | ) |
| | ) |
| CITY OF CHICAGO FAMILY AND | ) |
| SUPPORT SERVICES, | ) |
| | ) Jury Trial Demanded |
| | ) |
| And | |
| | |
| FAVORITE HEALTHCARE STAFFING, LLC, | |
| | |
| Defendant. | |

### AMENDED COMPLAINT

Plaintiff, Christina Puente ("Plaintiff"), by and through the undersigned counsel, hereby files this Amended Complaint against City of Chicago Family and Support Services and Favorite Healthcare staffing, LLC (collectively referred to as "Defendants"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*, ("Title VII") and Illinois Human Rights Act (775 ILCS 5/) ("IHRA") seeking redress for Defendants subjecting Plaintiff to sexual harassment, Defendants discrimination on the basis of Plaintiff's sex, and Defendants retaliation against Plaintiff for engaging in protected activity under the Title VII and IHRA.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action

is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendants operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4. This Court has pendent jurisdiction and supplementary jurisdiction over Plaintiff's state court claims pursuant to 28 U.S.C. § 1367.

## ADMINISTRATIVE PREREQUISITES

5. All conditions precedent and pre-suit requirements have been met, exhausted or waived.

6. A charge of employment discrimination on basis of sex, sexual harassment, and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR"). (Attached hereto as Exhibit "A" and "B").

7. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "C" and "D"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

8. Plaintiff received the Notice of Dismissal and right to commence a civil suit from the IDHR and filed this lawsuit within ninety (90) days of receipt of said notice. (Attached hereto as Exhibit "E").

## PARTIES

9. At all times material to the allegations of this Complaint, Plaintiff, Christina Puente

resided in Chicago, IL.

10. At all times material to the allegations in this Complaint, Defendant, Favorite Healthcare Staffing, LLC ("Favorite"), is a limited liability company doing business in and for Cook County whose address is 9800 Metcalf Avenue #4, Overland Park, Kansas 66212.

11. At all times material to the allegations in this Complaint, Defendant, City of Chicago Family and Support Services ("DFSS") is an entity doing business in and for Cook County whose address is 1615 Chicago Avenue, 5th Floor, Chicago, Illinois 60622.

12. Plaintiff was employed by Defendants as an "employee" within the meaning of 42 U.S.C §2000e(f).

13. During the applicable limitations period, Defendants have had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

14. At all relevant times, Favorite and DFSS have continuously been under contract for services rendered in Illinois and have continuously been a joint employer in which each Defendant controlled the terms and conditions of Plaintiff's employment.

## BACKGROUND FACTS

15. Plaintiff was hired by Defendant Favorite to work in security in or around November 2022.

16. At all relevant times, Plaintiff was jointly employed by Favorite, a staffing agency, and DFSS.

17. Plaintiff was hired by Favorite and, pursuant to the staffing arrangement between Favorite and DFSS, was placed at DFSS to perform work on its behalf.

18. DFSS and Favorite, jointly and independently, exercised substantial control over

3

the day-to-day conditions of Plaintiff's employment, including her schedule, job assignments, and pay.

19. DFSS sand Favorite, jointly and independently, supervised and directed Plaintiff's daily work activities, determined her work assignments and schedule, and provided instruction and oversight through its managerial and supervisory personnel.

20. Plaintiff performed her work on DFSS premises, used DFSS equipment, and was integrated into the regular business operations of DFSS. Her job duties were indistinguishable from those of direct employees of DFSS.

21. DFSS had the authority to issue directives concerning Plaintiff's performance, to discipline her, and to recommend or effectuate the termination of her assignment.

22. Plaintiff was subject to the rules, policies, and procedures of DFSS and Favorite, including protocols for attendance, conduct, discipline, and reporting.

23. At the time of her hiring, Plaintiff provided Defendants with "Residency Affidavit Form" to receive housing and reside in Chicago, IL.

24. Plaintiff is female and is a member of a protected class because of her sex whom Defendant subjected to different terms and conditions of employment than others not within her protected class.

25. Plaintiff's employment arrangement allowed Plaintiff to renew her contract every month to let Defendants know if Plaintiff wanted to continue her employment.

26. In or around February 2023, Plaintiff's contract was not renewed; however, in or around May 2023, Plaintiff resumed working for Defendants following a promotion as a case officer.

27. Plaintiff was a direct employee of Favorite and worked as a Site Captain for DFSS

4

as a liaison working with migrant children in Chicago.

28. Plaintiff's position was entirely in person, requiring her to be present and reside in Chicago, IL at all times of her employment, which she did.

29. Plaintiff was required to report to both Defendants effectively making Defendants a joint employer.

30. On or about August 4, 2023, Plaintiff reported her work availability to Natalia Santillan, an employee of DFSS.

31. Natalia replied that she would inform Defendant Favorite Healthcare Staffing, LLC that Plaintiff would "start next week 10 a-10:30p" indicating that both Defendants worked in conjunction with each other to control Plaintiff's schedule.

32. Further, on or about August 11, 2023, Plaintiff corresponded with Danny Castaneda, an employee of DFSS, via text message.

33. During this exchange Danny inquired as to Plaintiff's whereabouts and subsequently stated "No just wanted to check if you needed your timesheets signed because I just signed everyone else's".

34. This further indicates that Defendant DFSS employed Plaintiff, as its agents exercised control over Plaintiff's ability to be compensated.

35. Since at least July 2023 through Plaintiff's termination, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and she has been subjected to a hostile work environment on the basis of sex, violating Title VII and the IHRA.

36. While Plaintiff was working as a case manager, staff reported to her that the shelter manager, Marcello Garza ("Mr. Garza"), was having sexual relations with an asylum seeker, which

5

was a policy violation.

37. In or around July 1, 2023, the accusation was investigated and determined to be true.

38. Plaintiff wrote an incident report and subsequently Mr. Garza was terminated from his employment.

39. This report was protected activity.

40. Plaintiff's involvement and engaging in protected activity leading to Mr. Garza's termination upset other site captains.

41. This was because other site captains were friends of Mr. Garza and resented his termination.

42. In or around July 22, 2023, Plaintiff was promoted to Site Manager.

43. Following Plaintiff's promotion, Plaintiff began being retaliated against for engaging in the protected activity described above.

44. Due to Plaintiff's involvement with Mr. Garza's termination, other site captains isolated Plaintiff by not training her on procedures at their sites, leaving her out of meetings, and never offered any help to Plaintiff when she requested it.

45. This discriminatory conduct materially interfered with Plaintiff's ability to complete her duties and responsibilities.

46. Instead, other site captains remarked that Plaintiff had "slept her way to the top," which Plaintiff found deeply offensive.

47. This comment was not only inappropriate but also underscores the targeted retaliation the Plaintiff faced due to her sex.

48. This comment was carried out primarily by two individuals outside of Plaintiff's

6

protected class, Arturo Chavez (male) and Jose Robles (male), as well as a female site captain that followed these two individuals lead.

49. Additionally, Plaintiff was told by a fellow site captain that he would make sure she did not last in her position because she did not deserve the position.

50. Following these comments, Plaintiff engaged in protected activity and reported these issues to on-site management, Cherise.

51. On or about August 2, 2023, Plaintiff emailed Human Resources ("HR") for Favorite and DFSS about the retaliation from site captains and a lack of adequate communication and training as a result.

52. Following Plaintiff's complaint, Defendants failed to take any remedial measures further subjecting Plaintiff to an isolated hostile work environment.

53. On or about August 23, 2023, Cherise sent a follow-up email to HR regarding the retaliation Plaintiff was experiencing, as well as inappropriate rumors about how Plaintiff got the job.

54. However, Plaintiff never heard anything about an investigation or results, and her harassers appeared to suffer no discipline as they continued to report to work without issue.

55. On or about October 26, 2023, Plaintiff was terminated following a complaint from a female shelter manager, Andrea Saenz ("Ms. Saenz"), who reported Plaintiff for being difficult to work with.

56. Ms. Saenz was friends with Mr. Garza, the individual Plaintiff reported for violating policy by having sexual relations with an asylum seeker.

57. Other than Ms. Saenz report, Plaintiff had no prior disciplinary actions or warnings.

58. Plaintiff's termination was ratified and adopted by Defendant Favorite as

7

demonstrated by Favorite's refusal to place Plaintiff in a new assignment despite Plaintiff contacting Favorite multiple times for a new assignment.

59. Defendant Favorite's employee Tim Tomasson conveyed that he was upset at Plaintiff's termination, telling Plaintiff he intended to request a meeting with the deputy mayor to discuss when grievances and staffing fall under Favorite's jurisdiction as opposed to DFSS.

60. Plaintiff met or exceeded Defendants' performance expectations during the entire duration of her employment.

61. Plaintiff was unlawfully terminated because of her sex, (female) on October 26, 2023.

62. Plaintiff was retaliated against, and her employment was ultimately terminated for opposing unlawful discrimination and for exercising her protected rights.

63. Plaintiff was targeted for termination because of her sex and reporting of illegal activity.

64. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

65. There is a basis for employer liability for the sexual harassment that Plaintiff was subjected to.

66. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to her manager about the harassment.

67. The purported reason for termination is pretext for unlawful discrimination and retaliation.

## COUNT I
### Violation of Title VII of the Civil Rights Act
### (Sexual Harassment- Against All Defendants)

68. Plaintiff repeats and re-alleges paragraphs 1-67 as if fully stated herein.

69. By virtue of the conduct alleged herein, Defendants engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

70. Defendants knew or should have known of the harassment.

71. The sexual harassment was severe or pervasive.

72. The sexual harassment was offensive subjectively and objectively.

73. The sexual harassment was unwelcomed.

74. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's sex, female.

75. Defendants acted in willful and reckless disregard of Plaintiff's protected rights.

76. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of the Illinois Human Rights Act, 775 ILCS 5/
### (Sex-Based Harassment- Against City of Chicago)

77. Plaintiff repeats and re-alleges paragraphs 1-67 as if fully stated herein.

78. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sex-based harassment, in violation of Illinois Human Rights Act (775 ILCS5/).

79. Defendant knew or should have known of the harassment.

9

80. The sex-based harassment was severe or pervasive.

81. The sex-based harassment was offensive subjectively and objectively.

82. The sex-based harassment was unwelcomed.

83. Plaintiff is a member of a protected class under Illinois Human Rights Act (775 ILCS5/)., due to Plaintiff's sex, female.

84. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

85. As a direct and proximate result of the sex-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
### Violation of the Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination- Against All Defendants)

86. Plaintiff repeats and re-alleges paragraphs 1-67 as if fully stated herein.

87. By virtue of the conduct alleged herein, Defendants intentionally discriminated against Plaintiff based of Plaintiff's sex, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

88. Plaintiff met or exceeded performance expectations.

89. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

90. Defendants terminated Plaintiff's employment on the basis of Plaintiff's sex.

91. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex.

92. Defendants acted in willful and reckless disregard of Plaintiff's protected rights.

93. As a direct and proximate result of the discrimination described above, Plaintiff has

suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT IV
### Violation of the Illinois Human Rights Act (775 ILCS 5/) ("IHRA")
### (Sex-Based Discrimination- Against City of Chicago)

94. Plaintiff repeats and re-alleges paragraphs 1-67 as if fully stated herein.

95. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex, in violation of the Illinois Human Rights Act, 775 ILCS5/.

96. Plaintiff met or exceeded performance expectations.

97. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

98. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

99. Plaintiff is a member of a protected class under the IHRA, due to Plaintiff's sex.

100. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

101. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT V
### Violation of Title VII of the Civil Rights Act
### (Retaliation- Against All Defendants)

102. Plaintiff repeats and re-alleges paragraphs 1-67 as if fully stated herein.

103. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

104. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendants about sexual harassment or sex-based discrimination.

105. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendants under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

106. In response to Plaintiff's complaint, Defendants failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sexual harassment or sex-based discrimination.

107. Defendants also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

108. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

109. By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the sexual harassment or sex-based discrimination, thereby violating the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

110. Defendants acted in willful and reckless disregard of Plaintiff's protected rights.

111. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT VI**
**Violation of the Illinois Human Rights Act**
**(Retaliation- Against City of Chicago)**

112. Plaintiff repeats and re-alleges paragraphs 1-67 as if fully stated herein.

113. By virtue of the conduct alleged herein, Defendant engaged in unlawful

employment practices and retaliated against Plaintiff for reporting sex-based discrimination and harassment in violation of Illinois Human Rights Act (775 ILCS5/).

114. Plaintiff's complaints were protected activity under the IHRA.

115. In response to Plaintiff's complaints regarding sex-based discrimination and harassment, Defendant failed to take necessary precautions to prevent the recurrence of the discriminatory and harassing conduct Plaintiff was subjected to.

116. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

117. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of the IHRA.

118. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Pre-judgment and post-judgment interest;

    f. Injunctive relief;

    g. Punitive damages;

    h. Reasonable attorney's fees and costs; and

      i.      For any other relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury. Dated this 11th day of June 2025.

/s/ *Travis P. Lampert*
**TRAVIS P. LAMPERT, ESQ.**
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 581-5456
Fax (630) 575 - 8188
tlampert@sulaimanlaw.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 11th day of June, 2025, I caused a true and correct copy of the foregoing to be served via CM/ECF, electronic mail and/or U.S. Mail to all parties of record.

/s/ *Travis P. Lampert*
**TRAVIS P. LAMPERT, ESQ.**